IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roma Adelene Hughes, ) | Civil Action No. 0:15-cv-3024-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on Plaintiff Roma Adelene Hughes' ("Plaintiff") motion for attorney's fees (ECF No. 17) for the successful representation of Plaintiff by Attorney W. Daniel Mayes, in the underlying Social Security benefits action. The Court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

      In her Motion for EAJA Fees, Plaintiff requests an award of $3,595.69 in attorney's fees, and $23.00 in fees and costs because she was the prevailing party and the position taken by Defendant was not substantially justified. (ECF No. 17). Defendant filed a response stipulating that Plaintiff be awarded $3,500.00 in attorney's fees, and stating that the Commissioner does not object to Plaintiff's request for attorney's fees but that the award of attorney's fees should be paid directly to Plaintiff, and not her attorney. (ECF No. 19). Defendant further states that the Commissioner will first determine whether Plaintiff has any outstanding federal debt to be offset from the attorney's fees, and if not the Commissioner will honor Plaintiff's assignment of attorney's fees to her counsel by paying counsel directly. (*Id.*). If Plaintiff *does* have outstanding federal debt, Defendant represents that the Commissioner will, after

subtracting the applicable amount, make the check payable to Plaintiff directly and deliver the check to the business address of Plaintiff's counsel. (*Id.*). Finally, Defendant states that if Plaintiff's outstanding federal debt exceeds the amount of attorney's fees approved pursuant to this Order, the amount of the attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid. (*Id.*).

The EAJA provides attorney's fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B). Based on a review of the entire record and Defendant's concession, the government's position was not substantially justified.

Accordingly, the court grants the motion, and directs the Commissioner to pay directly to Plaintiff $3,500.00 in attorney's fees.[1] Such payment shall constitute a

---

[1] Counsel has submitted an assignment, by Plaintiff, of the fees in this case (ECF No. 17-2) and, therefore, requests any award be made payable to her. In *Astrue v. Ratliff,* 560 U.S. 586, 598 (2010), the United States Supreme Court held that the EAJA requires attorneys' fees to be awarded directly to the litigant. *Id*. (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131,

complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

IT IS SO ORDERED.

s/ Bruce Howe Hendricks
United States District Judge

June 7, 2016
Greenville, South Carolina.

---

139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys via contract. This district, however, has fairly consistently found such assignments ineffective to require the Court to make payment directly to counsel. *See Williams v. Astrue*, No. 2012 WL 6615130, at *4 (D.S.C. Dec. 19, 2012); *Phillips v. Astrue*, 2011 WL 5041751, at *1 (D.S.C. Oct. 21, 2011);*Tate v. Astrue*, 2010 WL 4860356, at *2 (D.S.C. Nov. 23, 2010); *Washington v. Astrue*, 2010 WL 3023028, at *5 (D.S.C. July 29, 2010) (holding that EAJA fees are payable to plaintiff even where plaintiff has attached an affidavit assigning his rights in the fees award to counsel). At least one circuit court of appeals has additionally expressed concern that such contracts would constitute an "endrun" around the plain text of the EAJA, as interpreted in *Ratliff*. *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (stating, in *dicta*, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party . . . ."). The undersigned has on some previous occasion ordered payment to counsel but only where the United States has accepted the assignment as valid; the government's practice in this regard has not been uniform. Here, Defendant conditioned its acceptance of the assignment upon Plaintiff having no outstanding federal debt.

Because Defendant has not accepted the assignment as valid without conditions, and in keeping with the prudent decisions of this District, the Court declines to treat such an assignment as altering the Court's obligation, in payment, to Plaintiff directly. As the Court in *Ratliff* emphasized, the EAJA controls what the losing defendant must pay, "not what the prevailing plaintiff must pay his lawyer." *Ratliff,* 560 U.S. at 598.